## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**DIEGO FERNANDO
ECHEVERRI MANCILLA,**

          **Plaintiff,**

**v.**                                    **Case No: 6:24-cv-01065-PGB-DCI**

**MARY ELIZABETH BRENNAN
SENG,**

          **Defendant.**

_____/

## <u>ORDER</u>

This cause is before the Court on Defendant Mary Elizabeth Brennan Seng's ("**Defendant**")[1] Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. 16 (the "**Motion**")). Plaintiff Diego Fernando Echeverri Mancilla ("**Plaintiff**") submitted a response in opposition. (Doc. 19 (the "**Response**")). Upon consideration, the Motion is due to be granted.

---

[1] Defendant Mary Elizabeth Brennan Seng is the Acting Director of the United States Citizenship and Immigration Services (hereinafter, the "**USCIS**" or "**agency**") Texas Service Center.

## I.    BACKGROUND[2]

Plaintiff requests that this Court review a final agency decision denying his Form I-140, Immigrant Petition for Alien Worker ("**Form I-140**"). (*See generally* Doc. 13 (the "**Amended Complaint**")).

Plaintiff, a citizen of Colombia, has resided in the United States as a nonimmigrant investor. (*Id.* ¶ 1). On or about July 21, 2023, Plaintiff filed a Form I-140 with the USCIS seeking classification as an Alien Worker eligible for a National Interest Waiver, which permits the USCIS to waive certain job offer and labor certification requirements for the advancement of national interest. (*Id.* ¶¶ 10–11).

On or about December 16, 2024, the USCIS denied Plaintiff's Form I-140, finding that Plaintiff did not qualify for the National Interest Waiver using a three-prong test laid out in the agency's prior decision, *Matter of Dhanasar*, 26 I. & N. Dec. 884 (USCIS AAO 2016) (the "***Dhanasar* test**"). (*Id.* ¶ 11; Doc. 13-1). As a result, Plaintiff filed the instant action, seeking judicial review of the USCIS's decision pursuant to the Administrative Procedure Act ("**APA**"), 5 U.S.C. § 706(2).[3] (Doc. 13 ¶¶ 8, 23–24; *see* Doc. 1).

---

[2]    This account of the facts comes from Plaintiff's Amended Complaint. (Doc. 13). The Court accepts a plaintiff's factual allegations as true when considering a motion to dismiss. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

[3]    Alternatively, if USCIS were to vacate its December 16, 2024 decision, Plaintiff requests: (1) a preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1); (2) an issuance of a writ of mandamus pursuant to 28 U.S.C. § 1361 and 5 U.S.C § 706(1); and (3) attorney's fees and costs for this suit pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412. (Doc. 13, ¶¶ 4–6). Given that this Motion is due to be granted, Plaintiff's additional requests will not be addressed.

In pursuit of judicial review, Plaintiff's primary argument is that the USCIS, in applying the *Dhanasar* test, "fail[ed] to provide any analysis as to how [it] came to [the] conclusion Plaintiff did not meet the second and third prongs of the test. . . . [given] the [denial] simply state[d] the law and then conclude[d] Plaintiff's proposed endeavor [did] not meet the requirements [for the National Interest Waiver]." (*Id.* ¶ 12). Accordingly, "Plaintiff submits Defendant acted arbitrarily and capriciously in failing to provide proper analysis and detailed explanation as required by case law and its own regulations as to why it determined Plaintiff failed to meet the [second] and [third] prongs of the *Dhanasar* test." (*Id.* ¶ 20). As such, Plaintiff requests that the Court review the agency's decision as it has the "authority . . . to set aside any decision found to be 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" (*Id.* ¶ 18); *see* 5 U.S.C. § 706(2).

In due course, Defendant filed the instant Motion to Dismiss, asserting that the Court lacks subject matter jurisdiction over the matter. (Doc. 16). Plaintiff responded in opposition (Doc. 19), and thus, the matter is now ripe for review.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge subject matter jurisdiction on facial or factual grounds. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). For facial challenges as here, the court looks to the face of the complaint and determines whether the plaintiff sufficiently alleges standing. *Stalley ex rel. U.S. v. Orlando*

*Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). In doing so, the court is limited to the complaint's allegations and exhibits, which the court must accept as true. *Id.* at 1232.

"When defending against a facial attack, the plaintiff has safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised[.]" *Id.* at 1233 (11th Cir. 2008) (quoting *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F. 3d 1244, 1251 (11th Cir. 2007)). The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.  DISCUSSION

Plaintiff filed this action seeking judicial review of the USCIS's denial of his Form I-140 pursuant to the APA. (Docs. 1, 13).

The APA allows courts to "set aside" agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). However, the APA does not grant courts jurisdiction to do so when (1) a statute expressly "precludes judicial review," or (2) even if Congress did not explicitly preclude judicial review, there is an agency action that is "committed

to agency discretion by law." *Brasil v. Sec'y Dep't of Homeland Sec.*, 28 F.4th 1189, 1192 (11th Cir. 2022) (quoting 5 U.S.C. § 701(a)(1)–(2)). "If a statute precludes judicial review, [then] federal courts lack subject matter jurisdiction." *Id.* at 1192 (citing *Zhu v. Gonzales*, 411 F.3d 292, 293 (D.C. Cir. 2005)).

Here, Plaintiff posits that the Court has authority to review Defendant's decision as it "acted arbitrarily and capriciously in failing to provide proper analysis and detailed explanation" with respect to its decision denying Plaintiff's Form I-140. (Doc. 13, ¶¶ 18–20); *see* 5 U.S.C. § 706(2). To the contrary, Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (*See generally* Doc. 16). Specifically, Defendant asserts that the Immigration and Nationality Act ("**INA**"), 8 U.S.C. § 1101 *et seq.*, bars judicial review of Plaintiff's Form I-140 denial. (*See id.* at pp. 7–8). Ultimately, the Court agrees with Defendant.

Section 1153(b)(2)(A) of the INA governs Form I-140 visa petitions for professionals with advanced degrees or exceptional ability:

> Visas shall be made available, in a number not to exceed 28.6 percent of such worldwide level . . . to qualified immigrants who are members of the professions holding advanced degrees or their equivalent or who because of their exceptional ability in the sciences, arts, or business, will substantially benefit prospectively the national economy, cultural or educational interests, or welfare of the United States, and whose services . . . are sought by an employer in the United States.

8 U.S.C. § 1153(b)(2)(A); *see also* 8 C.F.R § 204.5(k)(1).

However, § 1153(b)(2)(B)(i) carves out an exemption to the job offer and labor certification requirements for certain prospective aliens seeking immigrant visas via a National Interest Waiver. In particular, § 1153(b)(2)(B)(i) provides that "the Attorney General *may, when the Attorney General deems it to be in the national interest,* waive the requirements of subparagraph (A) that an alien's services in the science, arts, professions, or business be sought by an employer in the United States." 8 U.S.C. § 1153(b)(2)(B)(i) (emphasis added); *see also* 8 C.F.R. § 204.5(k)(4)(ii). In its precedential decision *Matter of Dhanasar*, the USCIS revised the framework for evaluating national interest waivers and promulgated a three-prong test to analyze such requests. 26 I. & N. Dec. 884. Ultimately, after applying the *Dhanasar* test, the USCIS denied Plaintiff's request for a Form I-140 National Interest Waiver pursuant to its discretionary authority. (*See* Doc. 13-1, pp. 1–2, 7; *see also* Doc. 13).

In support of Defendant's Motion, Defendant argues that "the INA strips [this Court's] jurisdiction over the relief sought in Plaintiff's Complaint" because § 1153(b)(2)(B)(i) confers *discretionary* authority to grant or deny a national interest waiver to the Attorney General. (Doc. 16, pp. 7–11); *see* 8 U.S.C. § 1153(b)(2)(B)(i); 8 U.S.C. § 1252(a)(2)(B).

Under the title "Denials of discretionary relief," § 1252(a)(2)(B) further provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and

regardless of whether the judgment, decision, or action is made in removal proceedings, ***no court shall have jurisdiction to review***—

    (i)    any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

    (ii)    ***any other decision or action*** of the Attorney General or the Secretary of Homeland Security ***the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security*** [("**Secretary**")], other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added). As such, in a unanimous opinion, the Supreme Court held that § 1252(a)(2)(B)(ii) strips federal courts of their jurisdiction to review immigration decisions by the Attorney General or Secretary of Homeland Security that are "made discretionary by legislation." *Bouarfa v. Mayorkas*, 604 U.S. 6, 9, 17 (2024) (quoting *Kucana v. Holder*, 558 U.S. 233, 246–47 (2010)).

Relying on *Bouarfa*, the Court turns its analysis to whether § 1153(b)(2)(B)(i)—the provision governing National Interest Waivers—confers the Attorney General the type of discretionary authority that would bar judicial review under 8 U.S.C. § 1252(a)(2)(B). *See Bouarfa*, 604 U.S. 6. The Eleventh Circuit in *Brasil* held that it does. 28 F.4th at 1191. Unanimously, the *Brasil* court concluded that § 1252(a)(2)(B)(ii) "precludes judicial review of a denial of a national interest waiver under § 1153(b)(2)(B)(i)." *Id.*

Simply put, in the case at bar, Defendant denied Plaintiff's Form I-140 petition for a National Interest Waiver pursuant to Defendant's discretionary authority to do so. (*See* Doc. 13, ¶ 11; *see also* Doc. 16, p. 2). Thus, the decisions in *Bouarfa* and *Brasil* compel the conclusion that the judicial bar in § 1252(a)(2)(B)(ii) precludes judicial review of national interest waiver denials. *See Bouarfa*, 604 U.S. 6; *Brasil*, 28 F.4th 1189.

Nevertheless, the Eleventh Circuit has warned that it has not *completely* foreclosed judicial review of discretionary immigration decisions made by the Attorney General or the Secretary. *See T & B Holding Grp., LLC v. U.S. Att'y Gen., Sec'y*, No. 23-13385, 2025 WL 1013414, at *3 (11th Cir. Apr. 3, 2025); *Bouarfa v. Sec'y, Dep't of Homeland Sec.*, 75 F.4th 1157, 1161 (11th Cir. 2023); *Kurapati v. U.S. Bureau of Citizenship & Immigr. Servs.*, 775 F.3d 1255, 1259–60, 1262 (11th Cir. 2014). According to the Eleventh Circuit, the Supreme Court's decision in *Bouarfa* "did not disturb our binding precedent holding that claims of procedural error challenging a discretionary revocation decision are reviewable." *T & B Holding*, 2025 WL 1013414, at *3. In other words, claims that implicate the Attorney General or the Secretary "fail[ing] to follow the correct procedure in making a discretionary decision" are not barred from judicial review under § 1252(a)(2)(B)(ii). *Id.* at *2 (quoting *Bouarfa*, 75 F.4th at 1161).

That being said, the *T & B Holding* court emphasized that procedural claims *cannot* be used to "sidestep the jurisdictional bar in [§] 1252(a)(2)(B) by reframing a challenge to the agency's denial of relief as a claim of procedural error." *Id.*

(quoting *Bouarfa*, 75 F.4th at 1163). For example, a claim that the agency "erroneously applied a standard that the agency had articulated to guide its evaluation" equates to an argument that the agency "reached the wrong decision" and thus, is not a procedural claim. *Id.* (quotation marks omitted). Similarly, a claim that an agency decision is "arbitrary and capricious" under the APA because the decision was "not supported by substantial evidence" is also not a procedural claim as the claim merely boils down to an argument that the agency incorrectly weighed the evidence and made a wrong decision. *See id.* at *3. In fact, there are limited examples of acceptable "procedural" claims challenging discretionary decisions that circumvent § 1252(a)(2)(B)(ii)'s jurisdictional bar. *Id.* at *4 (holding that a claim was reviewable because the Administrative Appeals Office revoked a visa petition in a manner in which it lacked the discretion to do so and failed to comply with the board's own binding precedent); *Kurapati*, 775 F. 3d at 1259–60, 1262 (finding that because the USCIS failed to provide the plaintiffs with prior notice of their I-140 petition revocation, such a claim was procedural and thus, reviewable by federal courts).

Here, Plaintiff argues that he "does not request review of the discretionary decision of USCIS; rather [he] challenges the decision for [USCIS's] failure to provide analysis as to how the[ir] decision was reached." (Doc. 19, pp. 2–3; *see* Doc. 13). Specifically, Plaintiff argues that the agency's decision denying Plaintiff's Form I-140 "fails to provide any analysis as to how Defendant came to [the] conclusion Plaintiff did not meet the second and third prongs of the [*Dhanasar*]

9

test," making Defendant's actions "arbitrary and capricious, an abuse of discretion and not in accordance with the law pursuant to [the APA]." (Doc. 13, pp. 3, 6; *see* Doc. 19). In support of his argument, Plaintiff primarily cites to (1) 8 C.F.R. § 103.3(a)(1)(i), an agency regulation that requires application and petition denials to be explained in writing and provide the specific reasons for a denial, and (2) *Matter of M-P-*, 20 I. & N. Dec. 786 (BIA 1994), a Board of Immigration Appeals' decision which called for motion denials to have written explanations and reasonings. (Doc. 13, ¶¶ 13–14; *see* Doc. 19, pp. 3–5).

Ultimately, the agency's denial letter assesses each prong of the *Dhanasar* test, providing a detailed explanation as to why Plaintiff's Form I-140 was denied. (*See* Doc. 13-1, pp. 3–7). According to the USCIS, *Dhanasar* is a "precedent decision," which sets forth the framework for the agency to determine whether it should employ its discretion and grant a National Interest Waiver petition under § 1153(b)(2)(B)(i). (*Id.* at p. 3); *Matter of Dhanasar*, 26 I. & N. Dec. 884, at 884. Thus, by utilizing the *Dhanasar* test, Defendant is not acting outside, or contrary to, its own established regulations. *Id.*; *see Onyenanu v. Garland*, No: 8:23-cv-138-CEH-TGW, 2024 WL 5078098, at *5 (M.D. Fla. Dec. 11, 2024).

Although Plaintiff acknowledges that Defendant used the proper *Dhanasar* test, Plaintiff hinges his argument for review on Defendant failing to provide adequate reasoning as to *why* Plaintiff's application did not fulfill the second and third prongs of the *Dhanasar* test. (*See* Doc. 13, ¶¶ 12, 16–17; Doc. 19). Alas, the denial letter indeed explains what qualitative attributes were missing in Plaintiff's

application, providing written justification for the agency's conclusion that certain prongs of *Dhanasar* were not met. (*See* Doc. 13-1, pp. 5–7). Thus, such detailed reasoning provides sufficient information regarding why Plaintiff's application was denied, and therefore, the denial does not run afoul of agency requirements or precedent. *See* 8 C.F.R. § 103.3(a)(1)(i);[4] *Matter of M-P-*, 20 I. & N. Dec. 786.

Consequently, scrutinizing the quality of Defendant's reasoning with respect to their application of *Dhanasar* and ultimate denial is purely substantive and not procedural, which runs afoul of Eleventh Circuit precedent. *See Brasil*, 28 F. 4th at 1194 ("Instead, [plaintiff] argues that USCIS erred in finding that [plaintiff] did not meet the *Dhanasar* test. Section 1252(a)(2)(B)(ii) precludes judicial review of that decision."); *T & B Holding*, 2025 WL 1013414, at *3 ("Under the Supreme Court's *Bouarfa* decision, the district court lacked jurisdiction to consider any substantive challenges to USCIS's decision to revoke its prior approval of [plaintiff's] visa petition."); *see also Patel v. Garland*, 596 U.S. 328, 347 (2022).

In sum, given the arguments raised in the case at bar and binding case law, § 1252(a)(2)(B)(ii) bars judicial review of Defendant's discretionary decision to

---

[4] Again, the Court clarifies that the INA does not preclude judicial review of procedural "allegations that an agency failed to follow its own binding regulations," such as those set forth under 8 C.F.R. § 103.3(a)(1)(i). *Kurapati*, 775 F. 3d at 1262; *see Avullija v. Dir., Citizenship & Immigr. Servs.*, No. 21-13452, 2022 WL 2277394, at *4 (11th Cir. June 23, 2022). However, as addressed herein, the Court will "scrutinize[] claims purportedly brought under exceptions to the jurisdictional limitations of the INA that in fact seek substantive judicial review of agency decisions." *Avullija*, 2022 WL 2277394, at *4–5. The Court will not entertain such claims that are merely an attempt to "circumvent the INA's jurisdiction stripping provisions by characterizing an abuse of discretion argument as a constitutional claim." *Id.*

decline Plaintiff's Form I-140 for a National Interest Waiver pursuant to §

1153(b)(2)(B)(i).

## IV. CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Doc. 16) is **GRANTED**.

The Amended Complaint (Doc. 13) is **DISMISSED WITH PREJUDICE**. The

Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on August 24, 2025.


PAUL G. BYRON
UNITED STATES DISTRICT JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties